**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Francisco MARTINEZ–VASQUEZ,**
**aka Panchino; aka Jose Francisco,**
**Defendant—Appellant.**

No. 01–50049.
D.C. No. CR–00–00880–R–02.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 5, 2002 *.

Decided March 11, 2002.

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Jose Francisco Martinez–Vasquez appeals the district court's application of a nine-level sentence enhancement for "relevant conduct" under U.S.S.G. §§ 1B1.3(a) & 2L2.1(b)(2)(C). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's application of the Sentencing Guidelines to the facts of a particular case for an abuse of discretion, *see United States v. Antonakeas*, 255 F.3d 714, 727 (9th Cir.2001), and we affirm.

■ A federal grand jury indicted Martinez–Vasquez and three co-defendants of six counts under 18 U.S.C. §§ 1028 & 1546. Martinez–Vasquez ultimately pled guilty to one count: knowingly transferring two false identification documents in violation of 18 U .S.C. § 1028(a)(2). The district court sentenced Martinez–Vasquez in accordance with the recommendations of the Presentence Report ("PSR"), which noted that, pursuant to U.S.S.G. § 1B1.3(a), 1,055 counterfeit documents seized at Martinez–Vasquez's apartment were "relevant conduct" for determining his offense level. Thus, because the offense involved over 100 documents, the district court applied a nine-level increase, *see* U.S.S.G. § 2L2.1(b)(2)(C), and sentenced Martinez–Vasquez to thirty months' imprisonment, thirty-six months of supervised release, and a $100 special assessment.

Martinez–Vasquez claims that the 1,055 counterfeit documents found in his apartment should not be considered "relevant conduct." The Sentencing Guidelines provide that "relevant conduct" includes all "reasonably foreseeable acts and omissions of others in furtherance of . . . jointly undertaken criminal activity[.]" § 1B1.3(a)(1)(B). In the present case, Martinez–Vasquez lived at the apartment with two of his co-defendants. By his own admission, he knew that the counterfeit documents were being produced in the apartment, and he and his co-defendants would go to the apartment to obtain the documents when they received orders. It is, therefore, apparent that the 1,055 documents found in the apartment were produced in furtherance of the criminal activity jointly undertaken by Martinez–Vasquez and his co-defendants, and that the documents were reasonably foreseeable to him.

■ Martinez–Vasquez also argues that the sentence enhancement was improper because the government failed to satisfy its burden of proof and the district court did not make adequate findings. However, both the government and the district court relied on the PSR, and the facts in a PSR are sufficient to meet the burden of proof for establishing a sentence enhancement. *See, e.g., United States v. Tam*, 240 F.3d 797, 804 (9th Cir.2001). Moreover, in addition to relying on the PSR, the district court accepted the government's argument that the enhancement was warranted and gave Martinez–Vasquez ample opportunity to present contrary evidence. Thus, there was no need for further findings. *See, e.g., United States v. Peters*, 962 F.2d 1410, 1415 (9th Cir.1992); *United States v. Corley*, 909 F.2d 359, 362 (9th Cir.1990).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.